IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ETHEL ANN VINSON,

        Plaintiff,

                                       Civil Action 2:14-cv-2092
    v.                                Judge Michael H. Watson
                                   Magistrate Judge Elizabeth P. Deavers

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, Ethel Ann Vinson, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for social security disability insurance benefits and supplemental security income. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 17), the Commissioner's Memorandum in Opposition (ECF No. 22), Plaintiff's Reply (ECF No. 23), and the administrative record (ECF No. 12). For the reasons that follow, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner of Social Security's nondisability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

## I.    BACKGROUND

Plaintiff filed her applications for benefits on October 28, 2011, alleging that she has been disabled since April 21, 2011, due to Citrobacter Koseri (bacteria infection), MRSA (Methicillin-resistant Staphylococcus aureus), paresthesia, and numbness in right leg. (R. at

183-89, 190-95, 225.)  In March 2012, when contacted by the administration, Plaintiff reported that she had also begun taking medication for depression and anxiety.  (R. at 242).  Plaintiff's applications were denied initially and upon reconsideration.  Plaintiff sought a *de novo* hearing before an administrative law judge.  Administrative Law Judge Thomas L. Wang ("ALJ") held a hearing on April 26, 2013, at which Plaintiff, represented by counsel, appeared and testified.  (R. at 43-62.)  Eric W. Pruitt, a vocational expert, also appeared and testified at the hearing.  (R. at 62–75.)  On May 24, 2013, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act.  (R. at 18-33.)  On September 11, 2014, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision.  (R. at 1-6.)  Plaintiff then timely commenced the instant action.

In her Statement of Errors, Plaintiff raises two interrelated issues.  Plaintiff first asserts that the ALJ's decision is not supported by substantial evidence because he failed to properly consider the full opinion of state-agency psychological consultant Robyn Hoffman, Ph.D. Within this contention of error, Plaintiff points out that even though the ALJ adopted Dr. Hoffman's opinion concerning her mental limitations, he failed in incorporate all of the limitations Dr. Hoffman assessed into the residual functional capacity ("RFC") determination. More specifically, Plaintiff challenges the ALJ's omission of the pace-based limitations Dr. Hoffman opined.  Plaintiff's second contention of error is essentially a continuation of her first. For her second statement of error, Plaintiff submits that the ALJ's RFC determination and hypothetical question posed to the VE erroneously omitted her pace-based omissions.  Plaintiff maintains that the ALJ's incorporation of a limitation reflecting that she would be off task five percent of the time fails to accurately address her limitations with regards to pace.

The Commissioner concedes that the ALJ did not explicitly incorporate a pace restriction into Plaintiff's RFC or the hypothetical posed to the VE, but asserts that reversal is not warranted because the ALJ "was not required to adopt [Dr. Hoffman's] opinion verbatim and include every degree of limitation in the RFC." (Comm'r's Mem. in Opp. 4, ECF No. 22.) The Commissioner alternatively argues that RFC formulation, which limited Plaintiff "to no more than occasional changes in the work setting and [she] will be off five percent of the day" was "a reasonable incorporation" of Dr. Hoffman's opinion. (*Id*. (quoting the ALJ's Decision, R. at 27).) The Commissioner also asserts that the ALJ's conclusion that Plaintiff has moderate limitation in concentration, persistence or pace does not compel inclusion of a pace-based restriction into the RFC.

## II.    RELEVANT RECORD EVIDENCE[1]

On April 15, 2012, after review of Plaintiff's medical record, Robyn Hoffman, Ph.D., a state-agency psychologist, assessed Plaintiff's mental condition and concluded that her affective disorders and anxiety-related disorders were severe, but did not meet or medically equal one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 96.) Dr. Hoffman further opined that Plaintiff had mild restrictions in her activities of daily living; mild difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence, or pace; and no episodes of decompensation of an extended duration. (R. at 96.) She further determined that the evidence did not establish the presence of the part "C" criteria. (*Id.*) Dr. Hoffman accorded "great weight" to Dr. Swearingen's opinion. (R. at 97.)

---

[1]The Undersigned limits discussion to evidence bearing on the contentions of error Plaintiff raises in her Statement of Errors. (ECF No. 17.)

In connection with assessing Plaintiff's mental RFC, Dr. Hoffman opined that Plaintiff was moderately limited in her abilities to complete a normal workday and workweek without interruptions from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, explaining that her stress response is impaired.  Dr. Hoffman therefore opined that Plaintiff's "tasks should not pressure her to perform against strict time or quantity demands."  (R. at 100.)  Dr. Hoffman also found that Plaintiff was moderately impaired in her ability to respond appropriately to changes in the work setting, explaining that Plaintiff's "depression and [post-traumatic stress disorder] would affect [her] coping responses in the workplace."  (*Id*.)  She therefore opined that Plaintiff could "adapt to settings without frequent changes."  (*Id*.)

During the April 26, 2013 administrative hearing, the VE testified that Plaintiff's past employment included a working as a home health aide, a commercial cleaner, a hand packager, and a dietary aide.  (R. at 63-66.)

The ALJ next posed a serious of hypothetical questions to the VE.  (R. at 66-68.)  The VE testified that a hypothetical individual with Plaintiff's past work history and with the RFC the ALJ ultimately assessed could perform approximately 86,000 sedentary exertion, unskilled jobs in the national economy, including jobs such as a printer circuit board inspector, gauger, laminator, and dowel inspector.  (R. at 68-69.)  The VE further testified that if Plaintiff were off task 15% of the work day, she would not be able to perform unskilled work.  (R. at 69.)

### III.  THE ADMINISTRATIVE DECISION

On May 24, 2013, the ALJ issued his decision.  (R. at 18-33.)  The ALJ concluded that Plaintiff meets the insured status requirements through September 30, 2014.  At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff had not engaged in substantially gainful activity since April 21, 2011, her alleged onset date.  (R. at 23.)  The ALJ found that Plaintiff had the severe impairments of depression, not otherwise specified; post-traumatic stress disorder; and residuals from a 2011 dog bite to her right thigh.  (R. at 24.)  He further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (*Id.*)  At step four of the sequential process, the ALJ set forth Plaintiff's RFC as follows:

> After careful consideration of the entire record, the [ALJ] finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she requires the use of a cane. She can use her right lower extremity to occasionally operate foot controls. She can frequently climb ramps or stairs, stoop, and crouch. She can occasionally kneel and crawl. She cannot climb ladders/ropes/scaffolds. She is further limited to no more than occasional changes in the work setting and will be off task five percent of the day.

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence.  *See* 20 C.F.R. § 416.920(a)(4).  Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1.  Is the claimant engaged in substantial gainful activity?
2.  Does the claimant suffer from one or more severe impairments?
3.  Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4.  Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5.  Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

(R. at 27, footnote omitted.)  In reaching this determination, the ALJ indicated that the "mental limitations assessed above *adopt* the opinions of the [s]tate agency medical consultants . . . ." (*Id*. (emphasis added).)  In support of this statement, the ALJ explained as follows:

> The [s]tate agency medical consultants provided specific reasons for their opinions about [Plaintiff's RFC,] showing that those opinions were grounded in the evidence of record, including careful consideration of the objective medical evidence and [Plaintiff's] allegations regarding symptoms and limitations.  Therefore, those opinions have been given great weight.

(R. at 27.)  The ALJ also indicated that the assessment of Dr. Swearingen was "accepted," explaining that "[h]is description of the mild to moderate mental functional limitations is not inconsistent with the residual functional capacity" he assessed.  (*Id.*)

Relying on the VE's testimony, the ALJ concluded that Plaintiff can perform jobs that exist in significant numbers in the national economy.  (R. at 32-33.)  He therefore concluded that Plaintiff was not disabled under the Social Security Act.  (R. at 33.)

## IV.   STANDARD OF REVIEW

 When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

6

Although the substantial evidence standard is deferential, it is not trivial.  The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision.  *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).  Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'"  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'"  *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## V.   ANALYSIS

As set forth above, Plaintiff challenges the ALJ's consideration of Dr. Hoffman's opinion and also the ALJ's RFC determination and hypothetical question posed to the VE.  The viability of these contentions of error turn on whether the ALJ erred in failing to incorporate a pace-based restriction into the RFC he assessed.  The Undersigned finds that the ALJ's RFC determination, which parrots the limitations set forth in the controlling hypothetical question to the VE, failed to accurately convey the limitations he found credible.  More specifically, the ALJ omitted a pace-based restriction from the RFC and hypothetical question even though Dr. Hoffman, whose opinion the ALJ adopted, assessed such a limitation.  The Undersigned therefore concludes that reversal is warranted because the VE's testimony that Plaintiff can work as a printer circuit

board inspector, gauger, laminator, and dowel inspector does not serve as substantial evidence that supports the ALJ's conclusion that Plaintiff can perform other work that exists in significant numbers in the national economy.

"In order for a VE's testimony to constitute substantial evidence that a significant number of jobs exists, the questions must accurately portray a claimant's physical and mental impairments." *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011). In formulating the hypothetical question to the VE, an ALJ is "required to incorporate those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Here, the ALJ's hypothetical question incorporated and mirrored the limitations he set forth in Plaintiff's RFC determination. A plaintiff's RFC "is defined as the most a [plaintiff] can still do despite the physical and mental limitations resulting from her impairments." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009); *see also* 20 C.F.R. §§ 404.1545(a), 416.945(a). The determination of RFC is an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e). Nevertheless, substantial evidence must support the Commissioner's RFC finding. *Berry v. Astrue*, No. 1:09CV000411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010). An ALJ is required to explain how the evidence supports the limitations that he or she set forth in the claimant's RFC:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any

8

material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

S.S.R. 96–8p, 1996 WL 374184, at *6–7 (internal footnote omitted).

The Court agrees with Plaintiff that *Ealy v. Commissioner*, 594 F.3d 504 (6th Cir. 2010), controls the outcome in this action. In *Ealy*, the ALJ "placed more weight on the conclusions" of the state-agency consultant's assessment over other sources' assessments. 594 F.3d at 509, 514–15. The *Ealy* ALJ's controlling hypothetical question and mirroring RFC determination, however, failed to include the restriction on pace that the credited state-agency consultant explicitly found. (*Id*. at 511–12, 516–17.) The Sixth Circuit held that the RFC determination and hypothetical therefore "inadequately described" the claimant's limitations, which, in turn, disqualified the vocational expert's testimony from serving as substantial evidence that the claimant could perform the work the vocational expert identified. (*Id*. at 517.)

Such is the case here. In the instant action, as in *Ealy*, the ALJ explicitly adopted and assigned the greatest weight to the opinion of state-agency consultant Dr. Hoffman, explaining that she "provided specific reasons for [her] opinions about [Plaintiff's RFC] showing that those opinions were grounded in the evidence of the record . . . ." (R. at 27.) As set forth above, Dr. Hoffman opined that Plaintiff's stress response was impaired such that her "tasks should not pressure her to perform against strict time or quantity demands." (R. at 100.) She also opined that Plaintiff would requires a work setting "without frequent changes" due to her impaired coping responses. (*Id*.) Although the ALJ adopted Dr. Hoffman's opinion, he, without explanation, omitted a pace limitation from the RFC determination and hypothetical question posed to the VE. Under *Ealy*, the ALJ's omission of the explicit pace limitation that the source he adopted renders the VE's testimony inadequate to serve as substantial evidence in support of

9

his determination that Plaintiff was not disabled because she is able to perform other work that exists in significant numbers in the national economy. Because the ALJ's decision is not supported by substantial evidence, remand and reversal are required.

The Commissioner's arguments to the contrary lack merit. First, the cases upon which the Commissioner relies to argue that the ALJ's finding that Plaintiff has moderate limitations in concentration, persistence, or pace does not compel inclusion of a specific pace limitation are inapposite because Plaintiff makes no such argument. Instead, Plaintiff's contention is that the ALJ erred as in *Ealy* (and in contrast with the cases upon which the Commissioner relies) because the source the ALJ credited explicitly assessed a pace limitation (in addition to the other limitations) that the ALJ neither incorporated into the RFC and hypothetical question nor explained why the limitation was omitted.

The Commissioner's next argument, that the ALJ "was not required to adopt [Dr. Hoffman's] opinion verbatim," (Comm'r's Mem. in Opp. 4, ECF No. 4), is equally unavailing. As set forth above, the ALJ was required to explain how the evidence supports the limitations that he set forth in Plaintiff's RFC. *See* S.S.R. 96–8p, 1996 WL 374184, at *6–7. And the ALJ did so here by explicitly adopting the opinions of Dr. Hoffman, declaring that her assessment was supported by specific reasons and was "grounded in the evidence of record, including careful consideration of the medical evidence and [Plaintiff's] allegations regarding symptoms and limitations." (R. at 27.) The problem is that despite crediting Dr. Hoffman's opinion, the ALJ omitted a concrete limitation she assessed from Plaintiff's RFC and the controlling hypothetical question he posed to the VE without providing any explanation.

The Commissioner's alternative argument, that the ALJ accounted for a pace limitation, is equally unavailing.  According to the Commissioner, the ALJ's limitation of Plaintiff to "no more than occasional changes in the work setting and will be off task five percent of the day" is "a reasonable incorporation of Dr. Hoffman's opinion."  (Comm'r's Mem. in Opp. 4, ECF No. 22.)  The Undersigned agrees that the ALJ's incorporation of the limitation that Plaintiff have "no more than occasional changes in the work setting" sufficiently accommodates the adaptation limitation Dr. Hoffman assessed, namely, the limitation to "settings without frequent changes." (R. at 27, 100.)  But beyond making a conclusory assertion, the Commissioner fails to explain how the limitation of being off task five percent of the day sufficiently accounts for Dr. Hoffman's opinion that Plaintiff should only perform tasks that do "not pressure her to perform against strict time or quantity demands" due to her impaired stress response.  (R. at 100.) Instead, the Undersigned agrees with Plaintiff, that limitations related to being off task are more properly characterized as quantitative limitations in concentration and persistence and are unrelated to the pace with which work must be performed.  Thus, the Undersigned rejects the Commissioner's unsupported contention that the ALJ's RFC assessment sufficiently accommodates the limitations Dr. Hoffman opined.

In sum, it is **RECOMMENDED** that Plaintiff's contentions of error be **SUSTAINED**.

## VI.    CONCLUSION

Due to the errors outlined above, Plaintiff is entitled to an order remanding this case to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. § 405(g). Accordingly, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ

11

under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## VII. PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: February 16, 2016            ___/s/ *Elizabeth A. Preston Deavers*___
                                                    ELIZABETH A. PRESTON DEAVERS
                                                    UNITED STATES MAGISTRATE JUDGE